UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

**Richard Wayne Taylor,**                                    Civil No. 08-5776(PJS/SRN)

       **Petitioner,**

    **v.**                                                                **REPORT & RECOMMENDATION**

**State of Minnesota**

       **Defendant.**

---

    Richard Wayne Taylor, Pro Se.

    Mark Nathan Lystig, Ramsey County Attorney's Office, 50 W. Kellogg Blvd., Suite 315, St. Paul, Minnesota 55102, for Defendant

---

SUSAN RICHARD NELSON, United States Magistrate Judge

    This matter comes before the undersigned United States Magistrate Judge on the Petition of Richard Wayne Taylor for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) and Defendant's Motion to Dismiss (Doc. No. 7). The matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and District of Minnesota Local Rule 72.1(a). For the reasons discussed below, the court recommends that the petition be denied and that this action be dismissed with prejudice.

**I.     PROCEDURAL HISTORY**

    Petitioner is in the custody of Respondent State of Minnesota at the Minnesota Correctional Facility - Rush City ("MCF Rush City") because of two convictions for criminal sexual conduct. In May 2001, Petitioner pleaded guilty in Ramsey County District Court to first-degree criminal sexual conduct with a three-year old child, in violation of Minn. Stat. § 609.342, subd. 1(a). He was sentenced on July 27, 2001. (Petition, Doc. 1.) He appealed from the sentence imposed, but the appeal was dismissed at his request on December 26, 2001.

(Resp.'s Mot. Dismiss at1.)¹ He filed a petition for postconviction relief attacking the sentence on January 9, 2002. (Id.) The Minnesota Supreme Court granted him relief by decision filed on November 6, 2003, and by judgment filed on December 16, 2003. Taylor v. Minnesota, 670 N.W.2d 584 (Minn. 2003).

Petitioner also pleaded guilty in August 2002 to first- and second-degree criminal sexual conduct with two other children, in violation of Minn. Stat. § 609.342, subd. 1(a) and Minn. Stat. § 609.343, subd. 1(a). On appeal from the sentence imposed, the Minnesota Court of Appeals affirmed in part and reversed in part. Minnesota v. Taylor, No. A03-62, 2003 WL 21793945 (Minn. App. Aug. 5, 2003). The Minnesota Supreme Court denied review and judgment was filed on October 24, 2003. (Respondent's Mot. Dismiss at 2.)

On December 15, 2003, Petitioner filed a petition for postconviction relief in the state district court challenging both convictions. (Id.) The Minnesota Court of Appeals affirmed the district court's denial of postconviction relief, Taylor v. Minnesota, No. A04-383, 2004 WL 2283507 (Minn. App. Oct. 12, 2004), and the Minnesota Supreme Court denied review on December 22, 2004.

Petitioner filed a second petition for postconviction relief on March 15, 2005, which was denied on July 8, 2005. He did not appeal from that decision. (Respondent's Mot. Dismiss at 2.)

---

¹Because Petitioner's Petition did not contain the dates of appeals from the two state court convictions, the Court cites to Respondent's factual submissions for this information. Petitioner indicated that he did not possess all of his legal materials and was therefore unable to provide that information in his Petition. (Petition at 2, Doc. 1.) Petitioner, however, filed Petitioner's Rebuttal of State's Motion to Dismiss Petition (Doc. No. 8), in which he challenged Respondent's legal argument, but did not contest Respondent's factual submissions. The Court therefore accepts the facts as represented in Respondent's Motion to Dismiss, particularly as there is no contention that the factual submissions are incorrect. See 28 U.S.C. § 2248 ("The allegations of a return to a writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true.")

Petitioner filed a third petition for postconviction relief on April 26, 2006, which was denied on October 6, 2006. (Id.)  Petitioner did not appeal. (Id.)

On January 27, 2007, Petitioner filed a fourth petition for postconviction relief. (Id. at 3.) The Minnesota Court of appeals affirmed the denial of relief and the Minnesota Supreme Court denied review on August 5, 2008.  Judgment was filed on August 20, 2008. (Id.)

On October 20, 2008, Petitioner filed the instant petition for a writ of habeas corpus, asserting that Minnesota courts have no jurisdiction over him, in violation of the Constitution, and that he has suffered duress. (Petition, Doc. 1.)  Petitioner claims to be both a "national" of the state of Iowa, and also claims to be domiciled in the "kingdom of heaven;" thus, he argues that both state and federal courts lack jurisdiction over him. (Mem. in Supp. Pet. for Writ of Habeas Corpus at 2-3; "Independent Motion Challenging In Personam Jurisdiction," App. 1 to Habeas Petition.)[2]

On October 30, 2008, this Court issued an Order directing Respondent to file an answer to the Petition. (Order of 10/30/08, Doc. No. 5.)  In its Order, the Court indicated that it appeared that Petitioner's habeas action might be barred by the one-year statute of limitations set forth at 28 U.S.C. § 2244(d), as his two state criminal convictions were entered more than six years ago. (Id.)  The Court invited Respondent to raise the statute of limitations defense, if applicable, in lieu of filing an answer addressing Petitioner's claims on the merits. (Id.)

Respondent filed its motion to dismiss on November 26, 2008, arguing Petitioner's petition was untimely filed and therefore should be dismissed.

---

[2]Petitioner filed an appendix to his Petition (Doc. 1) and supporting memorandum (Doc. 2), which he entitled, "Independent Motion Challenging In Personam Jurisdiction, a Constitutional Requirement" (Doc. 3, App. 1.)  As Appendix 1 reiterates the arguments contained within Petitioner's memorandum in support of his habeas petition, the Court considers it part of the habeas petition and not a separate motion.

3

Petitioner filed a reply, arguing that a two-year Minnesota postconviction relief statute of limitations, Minn. Stat. § 590.01, applied, and that his habeas claims are not time-barred.

## II. DISCUSSION

A petition for habeas corpus relief filed by a person in custody pursuant to the judgment of a state court must be filed within one year of the date on which the conviction becomes final, subject to tolling while the petitioner is pursuing postconviction relief. 28 U.S.C. § 2244(d)(1) and (2).

> The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The first petition for postconviction relief was filed on December 15, 2003 and the Minnesota Supreme Court affirmed denial of relief on December 22, 2004. The Court agrees with Respondent that December 22, 2004 is the date upon which Petitioner's convictions were final and is the starting point for calculating the timeliness of the instant petition.

### A.    December 22, 2004 to March 15, 2005: 83 Days

The second petition for postconviction relief was filed on March 15, 2005 – 83 days after the December 22, 2004 denial of relief. Petitioner did not appeal from the July 8, 2005 order

4

denying relief.

### B.   July 8, 2005 to April 26, 2006: 292 Days

The third petition for postconviction relief was filed 292 days later, on April 26, 2006. Petitioner did not appeal from the October 6, 2006 order denying relief.

### C.   October 6, 2006 to January 27, 2007: 113 Days

The fourth petition for postconviction relief was filed 113 days later, on January 27, 2007.  The Minnesota Supreme Court denied review of the Court of Appeals order that affirmed the denial of relief.  Judgment was filed on August 20, 2008.

### D.   August 20, 2008 to October 20, 2008: 61 Days

The instant petition was filed on October 20, 2008.

In sum, a total of 549 days elapsed during which time Petitioner did not file a petition for a writ of habeas corpus.  This does not comport with the one-year statutory limitation period set forth in 28 U.S.C. § 2244(d).  Although Petitioner cites to a two-year Minnesota statute of limitation, Minn. Stat. § 590.01, subd. 4, that statute has no bearing on a federal habeas petition.  Accordingly, the Court recommends that Petitioner's Petition be denied and that Respondent's Motion to Dismiss be granted.

### III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Petitioner's Petition for a Writ of Habeas Corpus (Doc. No. 1) be DENIED; and

2. This action be DISMISSED WITH PREJUDICE; and

3. Respondent's Motion to Dismiss (Doc. No. 7) be GRANTED.

Dated: January 9, 2009

                                                s/Susan Richard Nelson

                                                SUSAN RICHARD NELSON
                                                United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **January 26, 2009**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.